IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FRANCIS WHITE, on behalf of himself and others similarly situated, | : <br> : No. <br> : |
| Plaintiff, | : <br> : |
| v. | : **CLASS ACTION** <br> : <br> : **JURY TRIAL DEMAND** |
| CPA DATA SOLUTIONS, LLC, | : <br> : |
| Defendant. | : <br> : <br> : <br> : |

## CLASS ACTION COMPLAINT

Plaintiff Francis White ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

### NATURE OF THE ACTION

1. This is a class action suit brought against Defendant CPA Data Solutions for recording inbound calls from consumers without their consent.

2. By doing so, Defendant has violated Florida's Security of Communications Act ("FSCA"), Fla. Stat. § 934.03, and invaded Plaintiff's and Class Members' privacy rights in violation of Florida law.

3. Plaintiff brings this action on behalf of himself and a class of all persons whose oral communications were illegally recorded by the Defendant without their consent.

### THE PARTIES

4. Plaintiff Francis White is an individual.

5. Defendant CPA Data Solutions is a Delaware company with its principal place of business in this District.

1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from at least one Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant resides in this District and the illegal recording of oral communications by Defendant occurred here.

8. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant resides here.

## STATEMENT OF FACTS

9. On January 18 and 19, 2022, the Plaintiff made an inbound call to the Defendant and spoke to an employee of the Defendant.

10. The Defendant recorded this call including the parties' oral communications.

11. Plaintiff did not expect that the private call was being recorded.

12. The Plaintiff never consented to the recording of this call, and was not aware until some time after the call that it had been recorded.

13. It is Defendant's business practice to record inbound consumer calls notwithstanding the lack of consent from or awareness of the consumer making the inbound call.

14. Neither Plaintiff nor any Class member consented to having their oral communications recorded and have had their privacy invaded as a result.

## CLASS ACTION ALLEGATIONS

15. Plaintiff seeks to represent a class of all persons who made an inbound call to the Defendant during which the Defendant recorded their oral communications from four years prior to the date of the filing of the complaint through trial.

16. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The

precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

17. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.03 and invaded Plaintiff and the Class's privacy rights in violation of Florida law; and whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

18. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, made an inbound call to the Defendant and had their oral communications recorded without consent.

19. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

20. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

21. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendant.

## COUNT I

### Violation of The Florida Security of Communications Act

### Fla. Sta. § 934.03

22. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

23. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

24. To establish liability under section 934.03, a plaintiff need only establish that a defendant:

> (a) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication;
>
> (b) Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when:
>
>> 1. Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
>>
>> 2. Such device transmits communications by radio or interferes with the transmission of such communication;
>
> (c) Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
>
> (d) Intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or
>
> (e) Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication intercepted by means authorized by subparagraph (2)(a)2., paragraph (2)(b), paragraph (2)(c), s. 934.07, or s. 934.09 when that person knows or has reason to know that the information was obtained through the interception of such a communication in connection

with a criminal investigation, has obtained or received the information in connection with a criminal investigation, and intends to improperly obstruct, impede, or interfere with a duly authorized criminal investigation.

25. Pursuant to Fla. Stat. 934.02, "'Oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication."

26. Defendant violated section 934.03 by recording the inbound, private oral communications of Plaintiff and the Class.

27. The violation of section 934.03 constitutes an invasion of privacy sufficient to confer Article III standing.

28. Unless enjoined, Defendant will continue to commit the illegal acts alleged here.

29. Plaintiff and Class Members seek all relief available under Fla. Stat. § 934.10, including declaratory and injunctive relief, statutory damages at the rate of $100 a day for each day of violation or $1,000, whichever is higher, punitive damages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

30. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

>   (a) For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;
>
>   (b) For an order declaring that the Defendant's conduct violates the statute referenced herein;
>
>   (c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;
>
>   (d) For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;
>
>   (e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

DATED this 1st day of July, 2022.   PLAINTIFF, on behalf of himself and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881